365 P.2d 797

Donna L. ROWE, Plaintiff and Respondent,

v.

Rodney L. ROWE, Defendant and Appellant.

No. 9449.

Supreme Court of Utah.

Nov. 6, 1961.

E. Morgan Wixom, Ogden, for appellant.

Patterson, Foley & Phillips, Ogden, for respondent.

HENRIOD, Justice.

Appeal from a judgment on petition for modification of a divorce decree, awarding custody of a minor female child to plaintiff, its natural mother. Affirmed, with costs to plaintiff.

In line with our oft-expressed determination that on appeal the conclusions of the trial court in a case like this will remain inviolate if supported by a preponderance of competent, substantial and believable evidence, we canvass the record here in a light more favorable to plaintiff. Doing so, and without recitation of details that are of principal concern to the litigants and not the printed page, the following believable facts may be abstracted:

Plaintiff, 16 at the time, and defendant, were married in November 1955, in Utah. The little girl was born in September, 1956. A divorce followed in March, 1958, and both plaintiff and defendant admitted and were adjudged unable to take proper care of her, resulting in a stipulation by Mr. and Mrs. Orton, uncle and aunt of defendant, to accept custody "pending the further order of the Court," which was the order.

After the divorce, plaintiff, by her own admission, led a somewhat profligate existence and went to California. She and her present husband, whose own previous profligate tendencies matched or exceeded that of the plaintiff, were parties to a questionable Mexican marriage in April, 1959, and have lived together as husband and wife ever since, punctuated, on advice of counsel, by another marriage ceremony, in February, 1960, in California, designed to eliminate any questionable status. The trial court considered sufficient credible evidence that would justify the conclusion that since April, 1959, plaintiff has doffed her vestments of indiscretion, lives respectably with her present husband, who has done likewise, who has a well-paying job and who lives with her in a comfortable, adequate home in San Diego, willing to assume the responsibility of support for the minor child,—all of which tends to support the trial court's conclusion that plaintiff has been for some time and now is a fit person to have the custody of her natural child.

Since the divorce in March, 1958 defendant remarried and between that time and the filing of this petition in May, 1960, had fathered 3 children, living with them and his wife in a modest two bed-room home. Since the divorce he averaged a $15 monthly support payment for the child. Plaintiff came from California to seek custody on petition for modification. Defendant has not moved similarly, except in answer to the petition.

■ From the whole record and all the facts, without detailing them, save as to the highlighted abstract hereinabove, we feel there is no alternative but for us to sustain the trial court with a hope that its decision will prove to be Solomonic in assuring the best welfare of this child.

WADE, C. J., and McDONOUGH, CALLISTER and CROCKETT, JJ., concur.